# IN THE COURT OF APPEALS OF IOWA

No. 14-1991
Filed February 10, 2016

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**JEREMY LEE VANSICKLE,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Christine Dalton Ploof, District Associate Judge.

Defendant appeals, challenges the sufficiency of the evidence supporting the jury's finding of guilt for eluding.  **AFFIRMED.**

Joel Walker of Law Office of Joel Walker, Davenport, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik and Jean C. Pettinger, Assistant Attorneys General, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**VAITHESWARAN, Judge.**

Officers with the Scott County Sheriff's Department directed Jeremy Vansickle to stop a vehicle he was driving. Vansickle failed to stop and, instead, took the officers on a high-speed chase. A jury found him guilty of several offenses including eluding or attempting to elude. *See* Iowa Code § 321.279(2) (2013). On appeal, Vansickle challenges the sufficiency of the evidence supporting the jury's finding of guilt on the eluding crime. The State responds that Vansickle failed to preserve error.

We begin and end with the State's error preservation argument. Error is not preserved on a sufficiency of the evidence claim where counsel fails to make a motion for judgment of acquittal specifying the elements of the charge being challenged. *See State v. Brubaker*, 805 N.W.2d 164, 174 (Iowa 2011) ("The motion for directed verdict of acquittal . . . lacked any specific grounds, and thus, the error was not preserved."); *State v. Crone*, 545 N.W.2d 267, 270 (Iowa 1996) ("The record reveals Crone's attorney did not mention the 'threat' or 'anything of value' elements of the extortion charge in his motion. Accordingly, Crone's motion for judgment of acquittal did not preserve the specific arguments he is now making for the first time on appeal.").

In moving for judgment of acquittal, Vansickle's attorney broadly asserted:

> At this time, we would move for Motion for Directed Verdict on the indictable offense[] eluding. . . . The State has presented a case in which, even taken in the light most favorable to the State, they have not met their prima facie case for any of the offenses, and for those reasons, Your Honor, we move for a directed verdict.

At the close of the evidence, he stated:

> Your Honor, I believe that after the defendant's case, even if you take the evidence in the light most favorable to the State, that now there is the issue of whether the State has presented a prima facie case for the charge[] of eluding. . . . So for the reasons we articulated earlier, and then, for the additional reasons of the testimony of [the defense witnesses], we ask that the [c]ourt direct a verdict.

Vansickle appears to challenge an officer's identification of him as the driver of the vehicle. His motion for judgment of acquittal was insufficient to preserve error on this issue. *See State v. Truesdell*, 679 N.W.2d 611, 615 (Iowa 2004) (noting defendant "failed to specifically raise the sufficiency of the evidence claim now raised on appeal").

We recognize an exception to the general error-preservation rule when "the record indicates the grounds for a motion were obvious and understood by the trial court and counsel." *State v. Williams*, 695 N.W.2d 24, 27 (Iowa 2005). This exception does not apply. The jury was instructed on eluding as follows:

> The said Jeremy Lee Vansickle, on or about the 5th day of July, 2013, in the County of Scott and State of Iowa, did willfully fail to bring a motor vehicle to a stop or otherwise elude or attempt to elude a marked official law enforcement vehicle driven by a uniformed peace officer, after being given a visual and audible signal to stop, in violation of Section 321.279 of the Code of Iowa.

This is not a single-element crime; theoretically, any number of facts were subject to challenge. The district court would have had no way of knowing that Vansickle's identity was the key issue. *See id.* at 28 ("[T]he record clearly reveals the trial court and counsel understood that the grounds for the motion for judgment of acquittal targeted the insufficiency of the evidence to support the first element of assault . . . .").

We conclude Vansickle failed to preserve error on his challenge to the sufficiency of the evidence supporting the finding of guilt on the crime of eluding. We affirm Vansickle's judgment and sentence for eluding.

**AFFIRMED.**